## WILLIAM S. JOHNSTON, Impl'd
### v.
### DANIEL WORTHINGTON.

1. FRAUD—NEVER PRESUMED.—Fraud is never to be presumed. In all business transactions, good faith is presumed until the contrary is shown. In this case the court is of opinion that the evidence does not sustain the allegations of fraud.

2. EQUITABLE PRINCIPLES.—Where a complainant brought his bill to foreclose a mortgage upon a building located upon leased ground, and alleged that the defendant has suffered the lease to be forfeited for non-payment of the ground rent in order to defraud the complainant, and it appearing that there was ground rent due and in arrear, it was error to decree a foreclosure and sale of the premises without directing payment of the ground rent due, even if the forfeiture of the lease had been obtained fraudulently

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding. Opinion filed February 8, 1881.

On the 22d day of January, 1878, appellee Worthington filed a creditor's bill, making as parties defendant thereto Anna Grussing, George Grussing, and appellant, William S. Johnston. The bill alleged the recovery of a judgment against the two Grussings in the Circuit Court of Cook county, for $975, the issuing of an execution thereon, return of *nulla bona*, and also averred that Anna Grussing had a leasehold interest in a certain lot in Johnston's Addition, which, by collusion with Johnston, she fraudulently surrendered to him, and also made a bill of sale of the improvements thereon which belonged to her, for the purpose of hindering and delaying the complainant in the collection of his debt. The bill

prayed that the defendants, or some of them, be decreed to pay the amount due to complainant, and to apply for that purpose any money or proper', belonging to Anna Grussing, or held in trust for her, or in which she might be interested; also for the appointment of a receiver, and for general relief.

The defendants answered, denying the material allegations of the bill, and the complainant subsequently filed his amended bill, to which a demurrer was sustained. The bill having been amended, the Grussings filed their joint and several answers, and Johnston filed his separate answer, denying the material allegations of the bill. Replications were filed to these answers, and subsequently the complainant, by leave of the court, filed a second amended bill, which, on his motion, was ordered "to take the place" of the bills theretofore filed; and the answers already filed were to stand as the answers to the amended bill last filed.

This bill alleged *inter alia*, that the note upon which the judgment was entered was given for a loan of money from the complainant to Anna Grussing, which note was secured by a trust deed on the latter's leasehold interest in the Johnston lots, under a lease from Johnston, at a monthly rental of $25, which by its terms was to expire May 1, 1877, and that the building and improvements thereon belonged to Anna Grussing; that when the note matured in October, 1876, it was not paid, but at the request of Mrs. Grussing, and in consideration that she would procure from Johnston an extension of the lease for five years, and assign the same to complainant as security for his debt, he extended the note one year. That at the expiration of the same Johnston extended the lease, or gave Mrs. Grussing a new one for five years, and that it was agreed between her and complainant that the new term of the lease should stand under the trust deed as security for the loan.

The bill alleges that the improvements upon the property were valuable, and that the premises would rent at from sixty to seventy-five dollars per month, while the ground rent was only $25 per month. That after complainant entered judgment on his note, the Grussings, or one of them, for the purpose of defrauding complainant, induced Johnston to declare

the lease forfeited for the non-payment of the ground rent; that no demand for the rent was made, either of the Grussings or complainant, prior to the forfeiture of the lease, although Johnston well knew that complainant was the equitable owner of the interest of Anna Grussing therein, and the bill charges that such demand was not made for the purpose of forfeiting the lease for the benefit of Mrs. Grussing; that there was a secret understanding that Johnston should hold the property for the use and benefit of Mrs. Grussing, collect the rents, and after reserving the amount of the ground rent, pay over the balance to her; and that in furtherance of this corrupt arrangement, Mrs. Grussing executed a bill of sale to Johnston of the improvements on the lot.

The bill prayed that Cooper, the trustee named in the trust deed, be made a party defendant; that the forfeiture of the lease be set aside and the bill of sale be declared void; that Johnston be decreed to account for the rents received by him from the premises, and that any balance in his hands after paying the ground rent be paid to complainant to apply on his judgment; that a receiver he appointed to take possession of the premises, to rent the same, and apply the proceeds under the order of the court; that the trust deed be foreclosed, and the property be sold under the provisions of the trust deed, and the proceeds be applied to the payment of complainant's debt. Prayer for general relief.

The answer of Johnston denies all the material allegations upon which the complainant's right to relief is based. Denies that he made a new lease or extended the old one for five years; denies that he knew the complainant was the equitable owner of said leasehold interest or the improvements. Denies that the defendants or any one of them, for the purpose of defrauding complainant or for any other purpose, induced him to forfeit the lease; or that no demand for the rent was made. Denies that the forfeiture of the lease was made in pursuance of any secret understanding that he was to hold the property for the benefit of Anna Grussing, or that he took the bill of sale from her for the improvements to carry out such understanding; or that the improvements were worth the sum stated

in complainant's bill, or that the premises would rent for the amount therein alleged; says that on the 1st of May, 1877, he executed to Anna Grussing a lease of said premises for ten years, at a monthly rent of $35 per month for the first five years, and $45 for the last, payable monthly in advance; that at the time of the execution of said lease all of said improvements were on the ground and belonged to it; that on December 3d, 1877, $134.13 of ground rent was past due and unpaid; that on said day a five days' notice was served on said Anna that unless the rent was paid the lease would be terminated, and the rent not having been paid on the 10th of December, 1877, he took possession of the premises. He further states that up to the time of the forfeiture, complainant, under some arrangement with the Grussings, had been collecting the rents for his own use, and neglected and refused to pay the ground rent, and that immediately before the forfeiture he repeatedly informed complainant that unless the ground rent was paid he would forfeit the lease, but complainant refused to pay the same. He also says that he took possession and terminated the lease by virtue of the provisions of the lease giving him the right so to do for non-payment of the rent.

The court found in its decree that the attempted forfeiture of the lease was fraudulent and of no effect, and that it was void as against the rights of complainant ; that the leasehold interest and improvements were subject to the lien of complainant's judgment and execution, and that the said pretended forfeiture and bill of sale were a cloud upon the title of Anna Grussing, and prevented a sale advantageously of said leasehold, interest and improvements upon said execution, and thereupon the court decreed that said forfeiture and sale be set aside, and be held to be null and void as to the rights of the complainant, and that in default of payment by said Anna and George Grussing of the sum of $1,121, in twenty days from the date of the decree, a special execution issued to the sheriff directing him to sell for the satisfaction of said execution all the right title and interest of said Anna Grussing in and to said premises held by her on the 26th day of November, 1877 ; the right of complainant to apply for a receiver of said premises being

reserved until after the sale ; the costs to be paid in equal parts by Johnston and the Grussings.

Mr. R. H. FORRESTER, for appellant; that he who seeks equity must do equity, cited Bates v. Wheeler, 1 Scam. 54; McDanall v. Neilson, 2 Cowper, 139; Farr v. Sheriffe, 4 Hare, 521; Secreest v. McKennor, 1 Strob. Eq. 556.

A complainant is bound by the allegations in his bill : Gold v. Ryan, 14 Ill. 53 ; DeLeuw v. Neeley, 71 Ill. 473 ; Heath v. Hall, 60 Ill. 344.

Having acquired jurisdiction of the cause, the whole case will be heard, and complete relief granted: Morgan v. Roberts, 38 Ill. 65; City of Peoria v. Johnston, 56 Ill. 45; Rawson v. Fox, 65 Ill. 200.

Where a lease contains a license for that purpose, the land-- lord may enter and re-possess the premises, with or without pro- cess of law: Page v. DuPuy, 40 Ill. 506; Fabri v. Bryan, 80 Ill. 182.

Mr. JAMES FRAKE, for appellee; that under a general prayer for relief the complainant may have such relief as is consis- tent with the case made by the bill, cited Stanly v. Valentine, 79 Ill. 544; Hopkins v. Snedaker, 91 Ill. 449.

To create a forfeiture of a lease there must be a demand for rent on the day it falls due: Woodward v. Cone, 73 Ill. 241; Page v. DuPuy, 40 Ill. 506; Fabri v. Bryan, 80 Ill. 182.

WILSON, J. From an examination of the record in this case, appellee's bill of complaint seems to have undergone many mutations, rendering the pleadings somewhat involved. The bill as originally filed, was a simple creditor's bill, seeking a discovery of assets belonging to the defendants in the execu- tion, to be applied in satisfaction of complainant's judgment. The first amended bill was a bill in the nature of a creditors' bill, the object of which was to remove an obstacle to a sale on execution, created by an alleged fraudulent transfer of property belonging to one of the defendants, and which the complain- ant sought to subject to sale in satisfaction of his execution. The second amended bill, and which on the complainant's

motion was ordered "to stand in place of" the former bills, was an ordinary foreclosure bill, by which the complainant sought to enforce the lien of his trust deed upon the property covered by it.

The decree, departing from the relief specifically prayed for, is appropriate in form, to a bill in the nature of a creditors' bill.  After declaring the forfeiture of the lease and sale of the improvements fraudulent and void, and decreeing that the same be removed as a cloud upon Anna Grussing's title to the property, it directs a sale by the sheriff upon an execution to be issued to the sheriff to sell the property unless the amount due shall be paid in twenty days.  Inasmuch, however, as the bill upon which the case was heard contains a prayer for general relief, it was competent for the court to decree any relief to which the complainant was properly entitled under the proofs. Was the complainant entitled to the relief decreed?

We shall refrain from going over the entire case, deeming it quite unnecessary, and shall consider briefly, first, whether the proofs were sufficient to sustain the charge of fraud in respect to the forfeiture of the lease and sale of the improvements; and secondly, whether, conceding the forfeiture and sale to be invalid, the decree was appropriate to the case made by the proofs.

In respect to the first point, a careful examination of the evidence has failed to satisfy us that the charge of fraud was made to appear.  It is a familiar principle that fraud is never to be presumed.  In all the affairs of life, and in all business transactions, good faith is presumed until the contrary is shown. Where fraud in fact is alleged, the burden rests upon the party asserting it to establish it by proof.  The complainant's proof of the alleged fraud came principally from the two Grussings. The record certainly does not present them in a very favorable light.  Portions of their testimony are contradictory of other portions on material points, while one of them, George Grussing, seems to have been venal, and willing to testify one way or the other for a consideration.  Their testimony is to the effect that there was an arrangement or understanding between Goodman, the agent of Johnston, and themselves, that a for-

feiture of the lease should be had, and a bill of sale of the improvements should be made to Johnston for the purpose of defeating the complainant in the collection of his debt, and that the property should be held by Johnston under a secret trust for the use and benefit of Anna Grussing. Opposed to their evidence is the positive testimony of appellant's agent, Goodman, who denies that any such agreement or understanding was ever made or spoken of; and also the testimony of Johnston, who is equally explicit in his denial, and who swears that nothing of the kind was ever mentioned in his presence or heard of by him. He says that he reluctantly took a bill of sale of the improvements, and agreed to release the back rent due from Mrs. Grussing at the urgent solicitation of her husband. That the ground rent was considerably in arrear, and it was only after repeated demands for its payment that he finally caused notice to be given, and declared a forfeiture of the lease for non-payment of the rent. The notice, it is true, was not signed, but is seems to have been recognized and acted upon by Mrs. Grussing as a valid notice, and appellee, who was not a party to it, cannot call it in question.

Goodman not only denies that he suggested to Grussing, as testified by him, to let the rent run behind so that the lease might be forfeited, but that, on the contrary, he made persistent efforts to get the rent from Ellis, the agent of appellee, down to near the time the lease was determined, and warned him that if the rent was not paid he should forfeit the lease.

We might refer to other portions of the proof tending to corroborate Johnston and Goodman, but it is unnecessary. So far as appears they were reputable witnesses, and the record discloses nothing tending to discredit their testimony. Their statements are all consistent with each other, and with the nature of the transaction; and we think that, as compared with the testimony of the Grussings, their evidence is entitled to far the greater weight. Without going into a further analysis of the testimony, it is sufficient to say we think the evidence preponderates strongly against, and fails to establish the charge of fraud.

But if it were conceded that the forfeiture of the lease and

the sale of the improvements ought to be treated as invalid, we should still be of the opinion that the decree which the court rendered is not one to which appellee was entitled under the case made by the proofs. It orders a sale of the property unconditionally, without making any provision for the payment of appellant's ground rent, or determining what were his rights in respect thereto, thus, in effect, creating a forfeiture. Appellant claimed that there was a considerable balance due to him for rent, and offered proof tending to substantiate his claim. If rent was due to him provision should have been made in the decree for its payment. If his claim was controverted, it should have been referred to a master to ascertain what, if anything, was due, or the same should have been found by the court. It is shown by the proofs that appellee received the rents for the premises for a time, and that down to a certain date, ground rent had been paid to appellant, after which the payments ceased. There is no controversy that he was entitled to ground rent according to the provisions of his lease. The true state of the account was a proper subject to be investigated by a master, and the just balance ascertained and reported to the court, to the end that complete justice might be done by the decree to all parties in interest. Under the well settled principles governing courts of equity, appellee when asking for relief, should have been required to do equity on his part. For this the decree made no provision, and was therefore improper.

For the reasons herein expressed, the decree of the court below must be reversed and the cause be remanded.

Reversed and remanded.